**ACTIVEX AMERICA, INC., Plaintiff,**

v.

**DTC HEALTH, INC.; Charles Andrew Stevens; Bryan Dowse; Timothy Mertes; Adam Byrd; and Flexicose Partners Corp., Defendants.**

No. CIV.1:04 CV 00547.

United States District Court, M.D. North Carolina.

March 25, 2005.

Gary L. Beaver, Stuart C. Gauffreau, Nexsen Pruet Adams Kleemeier, PLLC, Greensboro, NC, for Plaintiff.

Joseph H. Nanney, Jr., Wyrick Robbins Yates & Ponton, L.L.P., Raleigh, NC, for Defendants.

---

## ORDER and PRELIMINARY INJUNCTION

BULLOCK, District Judge.

As more fully set out on the record, in open court, at a hearing on Plaintiff's motions for a preliminary injunction and to dismiss or alternatively for judgment on the pleadings with respect to Defendants' counterclaims on February 16, 2005, the court, after denying Plaintiff's motion to dismiss or for judgment on the pleadings on Defendants' counterclaims, and in deciding whether preliminary injunctive relief should be granted, evaluated the four applicable factors and found that without a limited injunction the Plaintiff could suffer irreparable harm in the form of loss of good will and loss of existing and potential customers; that the issuance of a preliminary injunction would not cause the Defendants to suffer significant harm; that the likelihood of success on the merits on Plaintiff's false advertising claim favored the Plaintiff; and that the public interest favored truth in advertising, thus promoting fair and vigorous competition in the marketplace.

NOW, THEREFORE, IT IS ORDERED that, pending resolution of this case by a trial on the merits or otherwise, Defendants and their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual knowledge of this order are **ENJOINED** from:

1. Creating endorsements and advertisements and marketing their Flexicose product without disclosing that the Defendants are funding or otherwise responsible for such endorsements, advertising, and marketing. For all such endorsements, advertising, and marketing on the internet Defendants' disclosures on their funded websites advocating the purchase of Flexicose must be of at least the quality and extent of such disclosures by the Plaintiff on its websites, and for all personal endorsements (including those as "editors" of websites) the Defendants must disclose their connection to the product being endorsed, advertised, or marketed.

2. Falsely representing the identity and background of anyone who is endorsing, advertising, and marketing Flexicose or who is criticizing any competing liquid glucosamine product;

3. Asserting on Defendants' websites or in other endorsements, advertising, and marketing materials that a user of liquid glucosamine must take at least 1,500 milligrams (mg) of liquid glucosamine per day to receive the maximum benefits of using liquid glucosamine to alleviate problems associated with osteoarthritis and that scientific studies support such assertions. This prohibition shall include but not be limited to ceasing all assertions that Defendants' liquid glucosamine product is better than others because it has a "full 1,500 mg" of liquid glucosamine in each daily dose, ceasing all statements that consumers should "not be fooled" by other products that provide or contain less than 1,500 mg in a daily dose, and ceasing all similar assertions or statements that state or imply that a user of liquid glucosamine must take at least 1,500 mg of glucosamine per day to receive the maximum benefits of using liquid glucosamine.

IT IS FURTHER ORDERED that Defendants take all steps necessary to recall from their affiliates and linking partners any marketing materials already distributed by Defendants that contain language violating the terms of this order and, as to all such affiliates and linking partners that do not cooperate in a recall of the prohibited materials within thirty (30) days of the date of this order, notify such affiliates and linking partners of the terms of this order

and the necessity to comply with the recall and the terms of this order.

IT IS FURTHER ORDERED that if any affiliates or linking partners do not cooperate with the recall and other terms of this order within sixty (60) days of the date of this order Defendants shall notify the court and the Plaintiff of the identities of all such affiliates and linking partners within seventy-five (75) days of the date of this order.

No bond is required.